IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Roland Chambers, Jr., | ) | C/A No. 3:14-4890-MGL-PJG |
| *c/o Reliable Brokering*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Amazon.com Inc.; Apple Inc.; Artist | ) | |
| Direct.com; Bop.fm; CCMusic.com; CD Baby; | ) | |
| CD Universe; HBDirect.com; Rakuten.com; | ) | |
| Sears.com; Tower.com, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Roland Chambers, Jr.[1] ("Plaintiff"), a self-represented litigant, filed this action alleging that the defendants infringed on Plaintiff's exclusive right to reproduction of copyrighted material in violation of the Copyright Act, 17 U.S.C. § 101 et seq., and violated the Digital Millennium Copyright Act, 17 U.S.C. § 1201 et seq. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

---

[1] The court has construed the Complaint to name Roland Chambers, Jr., as the sole Plaintiff in this case. To the extent Plaintiff is attempting to represent Reliable Brokering, he cannot do so. See Myers v. Loudoun Cnty. Publ. Sch., 418 F.3d 395, 401 (4th Cir. 2005) (finding that one *pro se* litigant cannot represent another's interest in federal court); see also In re Under Seal, 749 F.3d 276, 290 n.17 (4th Cir. 2014) (noting that, while 28 U.S.C. § 1654 provides that a party may plead and conduct his or her own case, corporations, partnerships, or associations must appear in federal court through a licensed attorney).



**BACKGROUND**

The Complaint alleges that Plaintiff provided Defendant CD Baby with five compact discs in 2001, containing eleven songs and one video. (ECF No. 1 at 3.) Plaintiff asserts that six of those "songs were registered with the United States Copyright Office for exclusive copyright ownership to Reliable Brokering" a business allegedly owned and operated by Plaintiff. (Id.) The Complaint alleges that "Plaintiff discovered the compact disc including the 6 songs registered with the Copyright Office were still selling in 2014 beyond the quantity ever produced, and in various formats including digital files and physical discs." (Id.) The Complaint asserts that Plaintiff purchased one compact disc from Defendant Amazon.com in 2014. (Id.) Defendant CD Baby paid Plaintiff for the purchased disc, but allegedly could not account for the other four discs he originally provided in 2001. (Id.) The Complaint further claims that Defendant CD Baby was discovered selling the copyrighted works in digital download format and that Plaintiff has "URL links from Apple iTunes/garageband.com" and "screenshots of Artist Direct.com and BOP.fm" offering digital files in 2014. (Id. at 3-4.) Plaintiff claims that such screenshots also reflect physical copies of the copyrighted works for sale by Defendants Amazon.com, CCMusic.com, CD Universe.com, HBDirect.com, Rakuten.com, Sears.com, and Tower.com. (Id. at 4.) Plaintiff seeks statutory and punitive damages and alleges that he "is in fear of his life" as well as the lives of family members due to the nature of this civil lawsuit. (Id.)

**II.    Discussion**

    **A.    Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint. This court is required to liberally construe pro se complaints. Erickson v.



Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.    Analysis**

The Complaint asserts that the defendants have violated Plaintiff's exclusive reproduction rights under the Copyright Act. See Harper & Row Publishers, Inc. v. Nation Enter., 471 U.S. 539, 546-47 (1985) (holding that "[s]ection 106 of the Copyright Act confers a bundle of exclusive rights



to the owner of the copyright," including the right to reproduce the copyrighted work); see also 17 U.S.C. § 106. Further, the Complaint appears to allege that the defendants have provided unauthorized access to Plaintiff's work, which the Digital Millennium Copyright Act provides measures to prevent. See 17 U.S.C. § 1201 et seq.

This is the second case filed by Plaintiff in this court raising Copyright Act and Digital Millennium Copyright Act claims against Defendants Amazon.com Inc, Apple Inc, and CD Baby. See Chambers v. Apple Inc, C/A No. 3:14-972-MGL (D.S.C. Mar. 18, 2014).[2] In Plaintiff's prior case, the court granted the defendants' motion to dismiss the action based on Plaintiff's failure to adequately describe the copyrighted works at issue and failure to provide factual support for his conclusory allegations that the defendants copied such material. Id. at ECF No. 67. In the instant Complaint, Plaintiff clarifies that his claims involve six songs registered to copyright claimant Reliable Brokering. (ECF No. 1 at 3, 18.) However, while Plaintiff names additional defendants in this action, his allegations of Copyright Act or Digital Millennium Copyright Act violations are again factually unsupported in the Complaint.

The Copyright Act grants copyright protection to "original works of authorship fixed in any tangible medium of expression." 17 U.S.C. § 102(a). To establish a claim of copyright infringement, a plaintiff must show: (1) ownership of a valid copyright, and (2) that the defendant copied the original elements of the copyrighted work. Feist Publ'n, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991); Keeler Brass Co. v. Cont'l Brass Co., 862 F.2d 1063, 1065 (4th Cir. 1988). The Digital Millennium Copyright Act "was enacted both to preserve copyright enforcement

---

[2] A court may take judicial notice of its own records. Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir.1989) (noting that the most frequent use of judicial notice "is in noticing the content of court records") (internal quotation marks and citation omitted).



on the Internet and to provide immunity to service providers from copyright infringement liability" for certain actions. ALS Scan, Inc. v. RemarQ Cmtys., Inc., 239 F.3d 619, 625 (4th Cir. 2001).

As in the prior case, the instant Complaint alleges that Plaintiff authorized Defendant CD Baby to distribute five compact discs containing material registered with the United States Copyright Office. The Complaint asserts that Plaintiff discovered the material being offered for sale in 2014, and he appears to believe that the defendants are reproducing the allegedly copyrighted songs in both digital and physical format. However, Plaintiff's factual allegations again demonstrate that only one of the five compact discs originally provided to Defendant CD Baby has been definitively sold or distributed. Thus, even if the court presumes, without deciding, that Plaintiff controls the copyright to the six songs, the Complaint provides insufficient factual allegations to show that any defendant made an unauthorized copy of the copyrighted material. See Nelson-Salabes, Inc. v. Morningside Dev., 284 F.3d 505, 513 (4th Cir. 2002) (holding that in order to show copyright infringement, a plaintiff "must establish that the defendant engaged in unauthorized copying of the work protected by the copyright").

Although the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim and provide sufficient factual information to put defendants on notice of their wrongdoing. See Iqbal, 556 U.S. at 677-79; Twombly, 550 U.S. at 555; see also Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."). Further, the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678-79. As Plaintiff's speculative and conclusory allegations are insufficient to show a violation of the Copyright Act or Digital



Millennium Copyright Act, the defendants are entitled to summary dismissal. Cf. Moore v. Lightstorm Entm't, 992 F. Supp. 2d 543, 550 (D. Md. 2014) (noting that speculation and conjecture are insufficient to establish the elements of copyright infringement).

### III.  Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

                                                                                 /s/ Paige J. Gossett
                                                                                 Paige J. Gossett
                                                                                 UNITED STATES MAGISTRATE JUDGE

February 5, 2015
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).